## O'BLENNIS *vs.* THE STATE.

1st. To furnish another with money to set up a faro bank, and receive a part of the winnings is not an offense against the 16th section of the 8th article of the act concerning crimes and their punishments. Rev. Statutes 1845, p. 402.

### APPEAL FROM ST. LOUIS CRIMINAL COURT.

LESLIE for appellant.

After the evidence had been adduced on the part of the State, the judge, on his own account, gave the following instruction :

"If the jury find from the evidence that the defendant was a partner in carrying on a faro bank, furnishing a part or the whole of the money required to carry it on, and that money was bet and won upon said bank, whilst the defendant was partner as aforesaid, upon the joint account of the said defendant and on other or others; and that this was done within the county of St. Louis, the jury will find the defendant guilty, &c· "

This instruction is objectionable for many reasons.

1st. Because there is no evidence of co-partnership in any legal sense of the word to which to apply the said instruction.

2d. Because loaning money to be used in betting, and receiving a part of the money so won for the use of the money so loaned, is not an overt act of betting within the meaning of the statute upon which this indictment is founded, the motto *qui facit alliam facit per se*, has no application to *misdemeanors*, or to criminal offences of any kind, unless by statute it is enacted that such persons are aiders or abettors, in which case they should be indicted for the real offence they may have committed against the statute.

3d. There is no evidence that the amount which might have been won had any effect or varied the amount received by defendant for the money loaned, and the instruction is erroneous on that account.

NAPTON, judge, delivered the opinion of the court.

This was an indictment against O'Blennis for betting at faro. The indictment contained but one county, and that charged that the defendant " at and upon a certain gambling device commonly called faro bank, adapted, devised and designed for the purpose of playing at games of chance for money, unlawfully did bet money, contrary &c. " On the trial a witness testified " that he had never seen the defendant bet at faro, but that defendant told him that he had *staked* a man with money to set up a faro bank on third street, St. Louis, and that for staking him, or furnishing him with money, he had received for money won at said faro bank rising of four hundred dollars, and that he had never seen the defendant when the bank was kept. " Another witness testified to a similar acknowledgment, and this was all the evidence. The court in-

structed the jury as follows: 1st. If the jury find from the evidence, that the defendant was a partner in carrying on a faro bank, furnishing a part or the whole of the money required to carry it on, and that money was bet and won upon said bank whilst the defendant was partner as aforesaid, upon the joint account of said defendant and another, or others, and that this was done within the county of St. Louis, the jury will find the defendant guilty, and fix his punishment by a fine of not less than ten nor more than twenty-five dollars. 2d. If the jury believe from the evidence that the defendant was not interested as a partner in the betting and winning of money upon the faro bank in question, but merely loaned money to the person engaged in carrying it on, although the defendant kew the use said money was to be applied to, and received a compensation for its use, they will find the defendant not guilty.

Instructions were asked of a counter character to those given, but refused. The defendant was found guilty and fined.

The 14th section of the 8th article of the act concerning crimes and punishments is directed against persons who *set up* or *keep* a faro bank, and permit others to bet on it. The punishment for this is fine (not exceeding one thousand dollars) and imprisonment. The 16th section prescribes a punishment for those who bet upon the bank. The indictment against O'Blennis is framed under the latter section. The hypothetical case put to the jury in the first instruction of the court is, that if A and B are partners in carrying on a faro bank, A furshing the whole or a part of the money, and receiving his share of the winnings, and B personally superintending the game, A is guilty of betting on the bank under the 16th section. Now, the active partner in the case put, is clearly guilty under the 15th section, and punishable by fine and imprisonment. The dormant partner is merely morally guilty of the same offence. If he is not responsible *criminaliter*, it must be because he is not·present when the game is carried on—in other words, because he is what may be termed a dormant partner. Whether this excuse would avail him or not, we are not now called upon to determine. But how can he be held responsible under the 16th section, when it is plain that the same reason which is supposed to exempt him from punishment under the 15th section would just as well apply to the 16th section? He is punished, upon this construction, by a paltry fine of ten or twenty-five dollars, for instigating, or aiding or committing the same offence which in the preceding section of the law, is visited with a more severe and ignominious punishment. The 16th section was evidently not designed to punish offences as these. To *set up*, or *keep*, or *carry on* a faro bank

(we suppose the phrases are all designed to mean the same thing) is an offence greatly more injurious to the public morals, than the act of betting upon the gambling device so set up or conducted. The former is followed as a profession, and its professors go about, seducing the unwary, and holding out temptations to dissipation and vice, and leading thousands to ruin. The latter offence is committed often in the thoughtlessness of the moment—to amuse an idle hour, and without a clear perception of the corrupting associations and vicious habits to which the practice so often tends. The punishment for the two offences is therefore widely different, and adapted to the supposed magnitude of each. But to punish the man who can find another weak enough or vicious enough to consent to be his instrument in violating the provisions of the 15th section, with a small fine, whilst the instrument is sent to prison and heavily fined, is an inconsistency of design in the law-makers which we are unwilling to attribute to them. If it be that the law has overlooked such a case, the court cannot help it. This will be no reason for bringing the offender within a provision not literally applying to his case, and evidently having no reference to his offence.

The other judges concurring, the judgment is reversed.